OPINION OF THE COURT
Thomas E. Walsh II, S.
Counsel[1] for Michael Weinberger, Esq., the attorney/ draftsman of an instrument dated July 23, 2008 (the instrument), which has been offered for probate in the estate of Ralph Elyachar, moves this court for a protective order quashing a subpoena for him to appear for an SCPA 1404 pre-objection deposition as the drafter. The motion is opposed by Alice Elyachar, the decedent’s surviving spouse. The motion is decided as set forth below.
The facts in the record of this proceeding have been set forth in this court’s June 9, 2015 decision and order. The facts relevant to this motion are as follows:
On July 23, 2008, the decedent executed the instrument and a trust agreement entitled the “Ralph Elyachar 2008 Revocable Declaration of Trust” (the trust). The instrument was drafted by attorney Weinberger and witnessed by him, Barbara Pedersen and Carole Bass. The instrument provided that, should Alice survive him, all of his personalty would go to her and his residuary estate would pour into the trust. It nominated as fiduciaries Richard, Jonathan and Paul Scheer (decedent’s accountant). The instrument and the trust contain an in terrorem clause which would act to disinherit any challenge to the instruments made by anyone other than Alice.
The decedent was grantor and trustee of the trust, and on his death, incapacity or resignation, Richard, Jonathan and Paul were to be trustees. By instruments dated December 18, 2008, the decedent resigned as trustee and Richard accepted *1110 the position as trustee of the trust. Paul and Jonathan similarly accepted their positions.
Attorney Weinberger drafted several other instruments for the decedent including those dated January 3, 2007 and October 26, 2007, which also poured over into trusts.
The decedent died on April 7, 2014, survived by Alice and Dana Elyachar Stahl, his other daughter.
On May 21, 2014, Richard and Jonathan filed a petition for probate of the instrument.
On December 16, 2014, Alice moved for an order (1) compelling the production of attorney Weinberger for an SCPA 1404 (4) deposition as drafter of the instrument since petitioners’ counsel would not produce him, stating that he was incapacitated, or in the alternative, (2) appointing an independent physician to examine him and render a report on his mental condition at estate expense. The petitioners opposed the motion and cross-moved. The result of these motions was the June 9 order in which, with regard to this issue, the court wrote:
“As to attorney Weinberger, this portion of the motion is denied without prejudice. The record reflects that the motion was not served on attorney Weinberger, attorney Weinberger has not appeared in any way in this proceeding, and petitioners’ counsel does not represent him. Since petitioners’ counsel has stated that they will not voluntarily produce him, counsel for Alice should have a subpoena served on attorney Weinberger. Should attorney Weinberger or an attorney or any other authorized individual move to quash that subpoena on the basis of his incapacity, attorney Weinberger will have placed his mental state in issue, and the matter will be properly before the court for determination” (see CPLR 3121; see also Koump v Smith, 25 NY2d 287 [1969]).
In response to the June 9 order, on or about June 11, 2015, Alice served a notice of subpoenas on petitioners’ counsel, attaching copies of the subpoenas they intended to serve on attorney Weinberger (documents returnable July 10, 2015 and testimony returnable July 20, 2015). On June 25, 2015, the attorneys for petitioners wrote counsel for Alice and Dana, stating that they had been given permission to accept service of the subpoenas and that attorney Weinberger had no documents in his possession, custody or control responsive to the subpoena duces tecum.
*1111 By notice of motion dated July 22, 2015, the attorneys for the petitioners moved for a protective order quashing the subpoena ad testificandum. In support of the motion, one of those attorneys submitted an affirmation which alleged that he has known attorney Weinberger in excess of 30 years, including as a former law partner, and his memory has significantly declined, causing him to cease practicing law about one year ago. He also stated that attorney Weinberger is being cared for at Mount Sinai Hospital and his physician has confirmed that he is unable to testify.
Attached to that attorney affirmation was an affirmation of Leonard Mattes, M.D., which had been submitted in opposition to Alice’s motion to compel the deposition. Dr. Mattes, attorney Weinberger’s internist for 20 years, affirmed that attorney Weinberger began complaining of memory loss in 2012, since December 5, 2014, “there has been a severe decline in cognitive function” and “currently, he is suffering from severe dementia.”
Amy S. Aloysi, M.D., submitted an affirmation attesting to the truth of the status of attorney Weinberger’s medical condition as set forth in her letter dated July 15, 2015. That letter stated that she has been treating him since August 2014, he has been diagnosed with Alzheimer’s disease, and he has undergone extensive neurologic testing. She further stated that he was last seen on July 10, 2015, in May 2015, he achieved a 7/30 on a mini mental status examination which she states indicates severe cognitive impairment, and he was unable to recall three words after five minutes, was not oriented to place or time and was not able to identify a pencil, write a sentence or fold a piece of paper.
In response, Alice’s counsel argues that the motion should be denied because it is procedurally defective in that petitioners’ counsel failed to serve and file a notice of appearance on behalf of attorney Weinberger and an authorization to appear, which are mandated by the SCPA. The attorney further states that if attorney Weinberger has the power to retain counsel, he has the capacity to be deposed, and if he does not have that power, a notice of appearance should have been filed on behalf of the attorney-in-fact for attorney Weinberger and that power of attorney should have been recorded in the Surrogate’s Court.
As to the merits, Alice’s counsel argues that attorney Weinberger is a key witness in this proceeding, having prepared four instruments for the decedent, including the one offered for probate and various trusts and grantor retained annuity trusts; *1112 and documents thus far in this proceeding have demonstrated that attorney Weinberger had numerous conversations with the petitioners concerning the instrument and the decedent’s estate plan. Counsel further states that documentation submitted by Dr. Aloysi is not conclusive on the issue of attorney Weinberger’s capacity to testify, they asked to speak to Dr. Aloysi but the request was refused, attorney Weinberger may be able to answer written questions and they would like the court to direct the mental examination of attorney Weinberger by a court appointed specialist, paid for at the expense of the estate.
In the reply papers, the attorneys for the petitioners attached an original notice of appearance which states that the firm has been “retained as the attorney for [attorney Weinberger].”
Section 401 (1) of the SCPA sets forth who may appear before the court and provides, in pertinent part, that “[a] party other than an . . . incompetent . . . may appear and prosecute or defend a special proceeding in person or by [an] attorney.” Section 402 (1) of the SCPA provides that an incompetent may appear by the committee of his property. SCPA 103 (26) defines an incompetent as a person judicially declared incompetent to manage his affairs.
SCPA 402 (2) provides that “[a] person under [a] disability shall appear by a guardian ad litem where no appearance is made as provided in subdivision one or where the court so directs because of possible adversity or conflict of interest or for other cause” (see generally 1 Warren’s Heaton, Surrogate’s Court Practice § 7.02 [6] [a] at 7-14 [7th ed 2006] [“A person under (a) disability must appear by a guardian ad litem, unless an appearance by some other authorized person has been made”]).[2] A person under a disability, in relevant part, is defined as an incompetent or an incapacitated person (SCPA 103 [40]). An incapacitated person is one who “for any cause is incapable [of] adequately . . . protect[ing] . . . her rights,” including an individual who has a Mental Hygiene Law article 81 guardian (SCPA 103 [25]).
In sum, according to our statutes, an incompetent must appear by his committee or by a guardian ad litem and a person *1113 under a disability must appear by a guardian ad litem or an authorized representative.
Petitioners’ counsel has alleged (and thus has brought to the attention of the court) that attorney Weinberger may no longer be competent in some fashion. They assert that he is no longer competent to testify. However, they do not explain how they were retained to protect his interests in accordance with the requirements of the statutes, what his legal status is and who, if anyone, has authority to act on his behalf. The record is devoid of any indication as to whether attorney Weinberger has a Mental Hygiene Law article 81 guardian or an attorney-in-fact with full authority under a durable power of attorney.
Given the alleged infirmities they assert that attorney Weinberger has, counsel for petitioners has not properly appeared for him. Therefore, attorney Weinberger has not appeared on this motion, and the court for the second time has no jurisdiction to decide the substantive aspect of the motion. Until this defect is cured, the issue cannot be adjudicated.
Furthermore, on this record, the court is not able to properly discern whether SCPA 402 (2) should be applied to require the appointment of a guardian ad litem (1 Warren’s Heaton, Surrogate’s Court Practice § 7.02 [6] [b] at 7-15 — 7-19 [7th ed 2006]) and makes no determination as to attorney Weinberg-er’s capacity (see Matter of Merns, NYLJ, Aug. 5, 2010 at 32, col 5 [Sur Ct, NY County] [allegation that a party to a proceeding is a person under a disability may result in the appointment of an independent person to make a determination as to the person’s mental competence]).
Contrary to the argument of counsel for the petitioners, although the court might not need to have any power of attorney given by attorney Weinberger (which document there is no evidence of before the court), recorded pursuant to EPTL 13-2.3 (powers of attorney in relation to estates required to be in writing and recorded) and 22 NYCRR 207.48 (same), because he has no interest in the estate, the court does need jurisdiction over attorney Weinberger.
Finally, the evidence of an attorney’s authority to act on behalf of her client may be required by the court when the party is a non-domiciliary or has not been personally served with process within the state (SCPA 401 [3]). Here, attorney Weinberger was not served with the subpoena (see Turano, Practice Commentaries, McKinney’s Cons Laws of NY, Book 58A, SCPA 401 [“the court may (and customarily does) require *1114 an acknowledged authorization by the party to resolve any questions about the appearance and to ensure personal jurisdiction”]; 1 Warren’s Heaton, Surrogate’s Court Practice § 4.05 [1] at 4-15 [7th ed 2006] [“(I)f (an) appearance is the only means by which the court acquires jurisdiction of the party, it must be authorized by an instrument properly executed by the party”]).
Based on the above, the motion is denied without prejudice to the submission by the attorneys for petitioners of a notice of appearance by attorney Weinberger’s article 81 guardian or his attorney-in-fact and an authorization to appear within 20 days of this decision and order. Both documents are to be served contemporaneously on all counsel who have appeared. Counsel for Alice and Dana then will have 10 days from receipt to submit papers in opposition or commenting on the documentation. The matter then will be resubmitted with the supplemented record on November 10, 2015 at 2:00 p.m., at which time counsel is directed to appear.

. Dentons US LLP represents the petitioners Richard Katz (decedent’s son-in-law and husband of predeceased daughter Jody Elyachar) and Jonathan Elyachar (a nephew) in this matter.

. The Civil Practice Law and Rules are in accord (see CPLR 321 [a party other than one specified in CPLR 1201 may appear in person or by an attorney]; CPLR 1201 [an adult who has not been declared incompetent but is incapable of adequately prosecuting or defending his rights must appear by a guardian ad litem]).